## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

DUE PROCESS, LTD, a foreign
   corporation and JOHN GLIHA,
      PLAINTIFFS,

v.

ALTERNATIVE DEBT SERVICES, INC.,
   a Florida corporation f/d/b/a/ AGGRESSIVE
   MARKETING AND MANAGEMENT, INC.,
   and ALTERNATIVE DEBT SOLUTIONS;
   JEN DEVINE, TOM ROBERTS, JOHN BRIAN
   MCLANE, JR., MEAGHAN MAILTO, and
   PATRICK OLIVE,

      DEFENDANTS.
_____/

Case No.: 3:03CV 580/MCR/MD

### COMPLAINT

Plaintiffs, DUE PROCESS LTD., and JOHN GLIHA, by and through their

undersigned attorney, hereby file this Complaint against ALTERNATIVE DEBT

SERVICES, INC., JOHN BRIAN MCLANE, JR., JEN DEVINE, TOM ROBERTS,

MEAGHAN MAILTO, and PATRICK OLIVE, and allege as follows:

### I. Jurisdiction and Venue

1.     This cause arises under the United States Copyright Act, United

States Code, Title 17, Section 101, et seq., and this Court has jurisdiction of the cause

pursuant to United States Code, Title 28, Section 1338 (a) and (b).

2.    Venue is conferred by United States Code, Title 28, Section 1400(a).

## II. Parties

3.    DUE PROCESS, LTD. ("Due Process"), is an international corporation, organized and existing under the laws of Belize, C.A., doing business throughout the United States with its' home office in Belize City, Belize, C.A. Any business done by Due Process in the state of Florida is exclusively of interstate character.

4.    JOHN GLIHA ("Gliha") is an individual residing in the Northern District of Florida. Gliha is also the Manager of Due Process.

5.    ALTERNATIVE DEBT SERVICES, INC., is a Florida corporation, formerly doing business as Aggressive Marketing and Management, Inc.("AMM"), and Alternative Debt Solutions ("ADS"), with its offices and principal place of conducting business in New Port Richey, Florida. These businesses will hereafter be referred to collectively as "ADSI." ADSI does business throughout the State of Florida, including the Northern District of Florida.

6.    JOHN BRIAN MCLANE, JR. ("McLane"), is the president of ADSI and was the owner of AMM and ADS and on information and belief resides in Tarpon Springs, Florida.

7.    JEN DEVINE ("Devine") is, and at all times relevant, has been a full

2

time employee or agent of ADSI, has materially contributed to the business operations of ADSI relating to infringement of plaintiff's copyrighted work in Florida, has a material financial interest in the business activities of ADSI, and a material financial interest in the sale of work infringing plaintiff's copyrighted work. On information and belief, Devine resides in Pataskala, Ohio.

8.     TOM ROBERTS ("Roberts") is, and at all times relevant, has been a full time employee or agent of ADSI, has materially contributed to the business operations of ADSI relating to infringement of plaintiff's copyrighted work in Florida, has a material financial interest in the business activities of ADSI, and a material financial interest in the sale of work infringing plaintiff's copyrighted work. On information and belief, Roberts resides in Powell, Ohio.

9.     MEAGHAN MAILTO ("Mailto") is, and at all times relevant, has been a full time employee or agent of ADSI, has materially contributed to the business operations of ADSI relating to infringement of plaintiff's copyrighted work, has a material financial interest in the business activities of ADSI, and a material financial interest in the sale of work infringing plaintiff's copyrighted work. On information and belief, Mailto resides in Newport Richey, Florida.

10.     PATRICK OLIVE ("Olive") is, and at all times relevant, has been a full time employee or agent of ADSI,  has materially contributed to the business

3

operations of ADSI relating to infringement of plaintiff's copyrighted work, has a material financial interest in the business activities of ADSI, and a material financial interest in the sale of work infringing plaintiff's copyrighted work. On information and belief, Olive resides in Newport Richey, Florida.

### III. General Allegations

11.     Prior to January 1, 1998, plaintiff, Gliha while domiciled in the United States, wrote a multi-volume book  and created a program of instruction based on the book, entitled "Winning the Collection Game."  The program of instruction includes a CD-ROM with reference materials and an option for customer participation in a support program called "WorkGroup."

12.     The book and program "Winning the Collection Game" (hereinafter "the book and program" or "the work") contain material wholly original with plaintiff Gliha and is copyrightable subject matter under the laws of the United States.

13.     Between January 1, 1998, and to date, plaintiff Gliha complied in all respects with the 1976 Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the book and program and has registered the copyright with the Register of Copyright, but has not yet received  a Certificate of Registration.  A copy of plaintiff's application is

4

attached hereto as Exhibit "A". The "in process" copyright registration number for the work is 135201314.

14.     Publication of the book and program were made with notice and in full compliance with the Copyright Act and all other laws governing copyrights.

15.     Since January 1, 1998, the book and program have been published by plaintiff Gliha and all copies of it made by plaintiff were under his authority or license, and  have been printed, bound, and published in conformity with the provisions of the laws governing copyright.

16.     Since January 1, 1998, plaintiff Gliha has been and still is the owner of the right, title and interest in and to the copyright in the book and program and all derivative work of the same.  Plaintiff Due Process is the duly authorized agent and licensee of John Gliha relative to this copyrighted work.

17.     Since January 1, 1998, plaintiff has gone to great expense and skill in developing the copyrighted book and program and in promoting sales throughout the United States.

18.     As a result of plaintiffs' expenditure of money and skill in the development and promotion of Gliha's  copyrighted work, this work has acquired a substantial market volume in the business of debt elimination.

5

19.     Plaintiff's copyrighted work has been widely distributed throughout the United States. Plaintiffs have developed a large customer base that depend on Gliha's unique skill and knowledge as well as the distinctive and quality product, customer service, and support provided with the book and program.

20.     Since first publication, plaintiffs have expended large sums of money to establish and maintain high quality reproductions of the copyrighted work to insure that the work maintains a high standard of quality and customer satisfaction. Plaintiffs have also expended large sums of money in advertising and promoting the work and in building up public recognition and demand in the business of debt elimination for the distinct quality of the book and program "Winning the Collection Game."

21.     In or about late September, 2003, defendants infringed the copyright by copying, publishing, marketing and selling the book and program "Winning the Collection Game" after plaintiff Gliha terminated his reseller agreement with McLane and prohibited further marketing and selling of the book and program by defendants.

22.     Before defendants infringed Gliha's copyright, all of the defendants knew that Gliha's work was protected by copyright.

6

23. Without the consent, authorization, or knowledge of plaintiffs, and in complete and intentional disregard for plaintiff's rights, McLane and his agents made copies of Gliha's work, including the copyright notice affixed to the work, and all of the defendants marketed and sold infringing copies of the work, throughout the United States, while falsely representing to the public that the work was authorized by plaintiffs.

24. The infringing copies of the work made and sold by defendants were made with inferior materials and not to the standards of quality of plaintiff's work which had earned a reputation for a quality product and support service not only with plaintiffs' resellers who market and sell plaintiffs' work but also with the purchasing public.

25. A copy of Gliha's copyrighted book and program are attached hereto as Exhibit "B", and a copy of defendants' infringing book and program are attached hereto as Exhibit "C".

26. Plaintiffs have notified defendants that defendants have infringed the copyright of plaintiff, but defendants have continued to infringe the copyright.

27. On information and belief, in or about October, 2003, defendants again infringed the copyright by publishing and placing upon the market a book and program entitled, "Debt Elimination" which was copied largely from Gliha's

7

copyrighted book and program and which included, like Gliha's work, an accompanying CD-ROM and a support service called "Workgroup." Plaintiffs have not yet obtained a complete copy of defendants' infringing work, but will provide a copy as soon as it is obtained.

28.     After, and continuously since about September 10, 2003, defendants have been publishing, selling and otherwise marketing the book and program "Winning the Collection Game", and subsequently "Debt Elimination" in violation of plaintiff's copyright to plaintiffs' irreparable damage.

29.     On information and belief, defendants have acquired and are acquiring other and newer revisions of plaintiff's original, copyrighted, and distinctive debt elimination work, with the intent and purpose of utilizing the same for unauthorized and wrongful copying and use for the production of other debt elimination products similar in kind and character to those shown in Exhibit "B", attached hereto, and great and irreparable damage and injury will result to plaintiffs unless all such wrongful and illegal acts of defendants are immediately enjoined.

30.     Plaintiffs will also be irreparably damaged and injured by the unauthorized and infringing use by defendants of such copyrighted work by the publication, offering for sale, and selling of such unauthorized works causing confusion and mistake not only by the purchasing public, but also by resellers who

8

handle plaintiffs' work and program and who, have agreed to market plaintiffs' work because of its unique and distinctive character, as well as its quality program support material and services.

31.     Plaintiff Gliha will also be irreparably damaged and injured by the impairment of the future use and enjoyment of his personal works in that it is customary for plaintiff to adapt, revise, and reproduce his original book and program into other versions and adaptions encompassed within the current book and program, as well as to develop new books and programs utilizing his current work and program as a basis. Defendants, by their unlawful acts and unfair competition, have and are interfering with and undermining plaintiffs' ability to market Gliha's book and program, thereby impairing the value of Gliha's work.

32.     Without the consent of plaintiffs, and in complete disregard of plaintiffs' rights, defendants have infringed and are infringing plaintiffs' copyright within this judicial district and elsewhere throughout the United States by publishing and offering for sale on their Internet site and otherwise plaintiffs' original work.

## COUNT I
## COPYRIGHT INFRINGEMENT

33.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 32 above.

9

34.     Defendants' have willfully and intentionally infringed plaintiff's copyright in violation of 17 U.S.C. 101, et. seq.

35.     Defendants have made profits and have been unjustly enriched from their infringement of plaintiff's work.

36.     Plaintiffs have been severely damaged as a result of defendants' infringement of the copyright.

WHEREFORE, plaintiffs demand:

a.     That defendants, their agents and servants be enjoined, during the pendency of this action and permanently, from infringing the copyright of plaintiff in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of the book and program entitled "Winning the Collection Game" and "Debt Elimination."

b.     That defendants be required to pay to plaintiffs such damages as plaintiffs have sustained in consequence of defendants' infringement of the copyright.

c.     That defendants be required to account for all gains, profits, and advantages derived  by defendants by their infringement of plaintiff's copyright, or such damages as to the court shall appear proper within the provisions of the copyright statutes.

d.     That defendants be required to deliver up to be impounded during the

10

pendency of this action all copies of the book and program entitled "Winning the Collection Game" and "Debt Elimination" in their possession or under their control and to deliver up for destruction all infringing copies and all plates, molds, CD-ROMs and other matter for making such infringing copies.

     e.     That the defendants pay to plaintiffs the cost of this action and reasonable attorney's fees to be allowed to plaintiffs by the court.

     f.     That the plaintiffs have such other and further relief as is just and proper.

**COUNT II**
**UNFAIR COMPETITION - FEDERAL**

     37.     Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 32 above.

     38.     This is an action for unfair competition, for violation of 15 U.S.C. Section 1125(a), and the court has, and should assume jurisdiction of this action under United States Code, Title 28, Section 1338(b) for the following reasons:

     a.     The action alleged in Count I of this complaint arises under the Federal Copyright Statute of the United States Code, Title 17, in that it involves a suit for infringement of plaintiff's copyright by defendants.

     b.     The copyright infringement action alleged in Count I of this complaint is "substantial" within the meaning of the United States Code, Title 28,

11

Section 1338(b), in that plaintiff is the owner of rights under the Federal Copyright Statute that have been infringed by the defendants.

      c.     The action for unfair competition alleged in this Count II is related to the copyright infringement action which is alleged in Count I of this complaint, since the two actions are based on the same operative facts of defendants' unlawfully copying, marketing, and selling of Gliha's copyrighted work without authorization.

      d.     Judicial economy, convenience, and fairness to the parties herein will result if the court assumes and exercises jurisdiction of the action for unfair competition which is alleged in this Count II.

    39.     Defendants, by their unauthorized appropriation and use of plaintiffs' original work, have and are in engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on plaintiffs' good will and the public acceptance of plaintiff's original work.

    40.     Defendants' activities constitute an unfair method of competition, unfair trade practice and deceptive practice in violation of 43(a) of the Langham Act, 15 U.S.C. 1125(a) and defendants have willfully and intentionally violated the rights afforded to plaintiffs under 15 U.S.C. 1125(a).

41.     Defendants have made profits and have been unjustly enriched from their unfair methods of competition, unfair trade practices, and deceptive practices.

42.     Plaintiffs have been severely damaged as a result of defendants' unfair methods of competition, unfair trade practices, and deceptive practices.

WHEREFORE, plaintiffs demand:

a.      That defendants, their agents and servants be enjoined, during the pendency of this action and permanently, from engaging in unfair methods of competition, unfair trade practices, and deceptive practices relating to plaintiff's work,  by any method, and from publishing, selling, marketing or otherwise disposing of any copies of the book and program entitled "Winning the Collection Game" and "Debt Elimination."

b.      That defendants be required to pay to plaintiffs such damages as plaintiffs have sustained in consequence of defendants' unfair methods of competition, unfair trade practices, and deceptive practices.

c.      That defendants be required to account for all gains, profits, and advantages derived by defendants by their unfair methods of competition, unfair trade practices, and deceptive practices relating to plaintiff's work, or such damages as to the court shall appear proper within the provisions of 15 U.S.C. Section 1125(a).

d.      That defendants be required to deliver up to be impounded during the

13

pendency of this action all copies of the book and program entitled "Winning the Collection Game" and "Debt Elimination" in their possession or under their control and to deliver up for destruction all infringing copies and all plates, molds, CD-ROMs, and other matter for making such infringing copies.

   e.  That the defendants pay to plaintiffs the cost of this action and reasonable attorney's fees to be allowed to plaintiffs by the court.

   f.  That the plaintiffs have such other and further relief as is just and proper

## COUNT III
## UNFAIR COMPETITION - STATE COMMONLAW

   43.  Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 32.

   44.  This is an action for unfair competition based on Defendants' violation of the Florida common law of unfair competition.

   45.  Defendants, by their unauthorized appropriation and use of plaintiffs' original work, have and are in engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on plaintiffs' good will and the public acceptance of plaintiff's original work.

14

46.     Defendants' activities constitute an unfair method of competition, unfair trade practice and deceptive practice in violation of Florida's common law and defendants have willfully and intentionally violated the rights afforded to plaintiffs.

47.     Defendants have made profits and have been unjustly enriched from their unfair methods of competition, unfair trade practices, and deceptive practices.

48.     Plaintiffs have been severely damaged as a result of defendants' unfair methods of competition, unfair trade practices, and deceptive practices.

WHEREFORE, plaintiffs demand:

a.      That defendants, their agents and servants be enjoined, during the pendency of this action and permanently, from engaging in unfair methods of competition, unfair trade practices, and deceptive practices relating to plaintiff's work, by any method, and from publishing, selling, marketing or otherwise disposing of any copies of the book and program entitled "Winning the Collection Game" and "Debt Elimination."

b.      That defendants be required to pay to plaintiffs such damages as plaintiffs have sustained in consequence of defendants' unfair methods of competition, unfair trade practices, and deceptive practices.

c.      That defendants be required to account for all gains, profits, and ad-

vantages derived by defendants by their unfair methods of competition, unfair trade practices, and deceptive practices, or such damages as to the court shall appear proper.

     d.     That defendants be required to deliver up to be impounded during the pendency of this action all copies of the book and program entitled "Winning the Collection Game" and "Debt Elimination" in their possession or under their control and to deliver up for destruction all infringing copies and all plates, molds, CD-ROMs, and other matter for making such infringing copies.

     e.     That the court award a judgment for punitive damages.

     f.     That the defendants pay to plaintiffs the cost of this action and reasonable attorney's fees to be allowed to plaintiffs by the court.

     g.     That the plaintiffs have such other and further relief as is just and proper.

**COUNT IV**
**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, 501.201, F.S.**

     49.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 32 above.

     50.     This is an action by plaintiffs for damages for Defendants' violation of Florida's Deceptive and Unfair Trade Practices Act, 501.201-501.213, Florida Statutes (2001).

51.    Defendants have engaged in deceptive actions that are likely to, and actually have, confused and mislead consumers.

52.    Defendants have made profits and have been unjustly enriched from their deceptive and unfair trade practices.

53.    Plaintiffs have been severely damaged as a result of defendants' unfair and deceptive trade practices.

WHEREFORE, plaintiffs demand:

a.    That defendants, their agents and servants be enjoined, during the pendency of this action and permanently, from engaging in unfair and deceptive trade practices relating to plaintiff's work by any method, and from publishing, selling, marketing or otherwise disposing of any copies of the book and program entitled "Winning the Collection Game" and "Debt Elimination."

b.    That defendants be required to pay to plaintiffs such damages as plaintiffs have sustained in consequence of defendants' unfair and deceptive trade practices.

c.    That defendants be required to account for all gains, profits, and advantages derived by defendants by their unfair and deceptive trade practices relating to plaintiff's work, or such damages as to the court shall appear proper and

17

recoverable within the provisions of section 501.201-501.213, Florida Statutes (2001).

    d.    That defendants be required to deliver up to be impounded during the pendency of this action all copies of the book and program entitled "Winning the Collection Game" and "Debt Elimination" in their possession or under their control and to deliver up for destruction all infringing copies and all plates, molds, CD-ROMs, and other matter for making such infringing copies.

    e.    That the court award a judgment for all damages recoverable under 501-201-501.213, Florida Statutes (2001).

    f.    That the defendants pay to plaintiffs the cost of this action and reasonable attorney's fees to be allowed to plaintiffs by the court.

    g.    That the plaintiffs have such other and further relief as is just and proper.

**COUNT V**
**BREACH OF CONTRACT**

    54.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 32 above.

    55.    Plaintiffs, Due Process LTD. and John Gliha, sue defendant, John Brian McLane, Jr. for breach of contract and allege the following:

18

56. On or about July, 2002, at Pensacola, County of Escambia, State of FLorida, defendant McLane and plaintiffs entered into an oral, non- exclusive, reseller agreement wherein defendant, on his part, and through his companies AMM, ADS, and thereafter ADSI, agreed to market and sell plaintiff's book and program called "Winning the Collection Game" with the defendant promising to pay plaintiffs approximately thirty percent (30%) of gross sales, specifically, twenty percent (20%) of gross sales, plus $250.00 per sale with defendant thereby earning approximately a seventy percent (70%) commission on gross sales.

57. In November of 2002, plaintiffs' merchant processor absconded with over Sixty - Six Thousand Dollars ($66,000.00) which resulted in neither the plaintiffs nor defendant receiving any money that was received from credit card purchases.

58. Thereafter, plaintiff and defendant agreed that defendant's merchant processor would be utilized for receiving payments from credit card purchases and that while plaintiffs' right to payments of the twenty percent (20%) of gross sales plus $250.00 per sale continued to accrue for the months of December 2002 and January 2003, defendant could defer these payment to plaintiffs until February, 2003.

59. Plaintiffs, on their part, have fully performed all the terms and conditions of their agreement with defendant.

19

60.    Defendant has failed and refused to make payment to plaintiffs as agreed.

61.    Plaintiffs made a final demand upon defendant McLane to make payment and defendant has refused.

62.    Defendants have continued to sell copies of plaintiff's work, the exact number of sales of which is unknown to plaintiffs, and defendant and his companies have received large sums of money from those sales.

63.    As a result of defendant's breach of agreement, plaintiffs have sustained damages.

WHEREFORE, plaintiffs demands judgment:

a.    That defendant be ordered to account to plaintiffs for all money's received or receivable by defendant and his companies as a result of sales of plaintiff's work;

b.    That plaintiffs be granted judgment for such sum as is found to be due to plaintiffs from defendant together with costs of this action.

c.    That the plaintiffs be granted judgment for such other and further relief as the court deems just and proper.

## **VERIFICATION**

I, **John Gliha**, plaintiff in the above -entitled action, and Manager of plaintiff Due Process LTD., being duly sworn, depose and state that I have read the foregoing pleading, that I am personally acquainted with the facts therein set out, and that the allegations therein contained are true.

_____

JOHN GLIHA

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, this 2⁲ day of December, 2003.

Clara Autumn Zornes
Commission # CC 956256
Expires Sep. 6, 2004
Bonded Thru
Atlantic Bonding Co., Inc.

_____

Notary Public

My   Commission   Expires:   9/6/04

Respectfully Submitted,

_____

DIANE M. LONGORIA
Florida Bar No. 755834
HAMMONS, LONGORIA & WHITTAKER, P. A.
17 West Cervantes Street
Pensacola, Florida 32501
Telephone: (850) 434-1068
Attorney for Plaintiffs

21

*EXHIBIT "A"*

# FORM TX

**For a Nondramatic Literary Work**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

TX _____ TXU _____
EFFECTIVE DATE OF REGISTRATION

_____

Month _____ Day _____ Year _____

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

Winning The Collection Game

**PREVIOUS OR ALTERNATIVE TITLES ▼**

(Same)

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

N/A

If published in a periodical or serial give:    Volume ▼ N/A    Number ▼ N/A    Issue Date ▼ N/A    On Pages ▼ N/A

## 2

**a    NAME OF AUTHOR ▼**

John Gliha

**DATES OF BIRTH AND DEATH**
Year Born ▼ 7-19-68    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☒ No
Pseudonymous?    ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Non-fiction, legal reference - tutorial

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b    NAME OF AUTHOR ▼**

John Gliha

**DATES OF BIRTH AND DEATH**
Year Born ▼ 7-19-68    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☒ No
Pseudonymous?    ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Non-fiction, legal reference - tutorial

**c    NAME OF AUTHOR ▼**

John Gliha

**DATES OF BIRTH AND DEATH**
Year Born ▼ 7-19-68    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☒ No
Pseudonymous?    ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Non-fiction, legal reference - tutorial

## 3

**a    YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases. 1998 ◀ Year

**b    DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ January    Day ▶ 1    Year ▶ 1998
USA    ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

John Gliha
303 SE 17th ST #309-194
Ocala Fla. 34471

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

N/A

**DO NOT WRITE HERE OFFICE USE ONLY**

APPLICATION RECEIVED
_____

ONE DEPOSIT RECEIVED
_____

TWO DEPOSITS RECEIVED
_____

FUNDS RECEIVED
_____

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of _____ pages

PLAINTIFF'S EXHIBIT

EXAMINED BY _____   **FORM TX**

CHECKED BY _____

☐ CORRESPONDENCE
  Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

**a.** ☐ This is the first published edition of a work previously registered in unpublished form.

**b.** ☐ This is the first application submitted by this author as copyright claimant.

**c.** ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▶ _____   **Year of Registration** ▶ _____

**5**

**DERIVATIVE WORK OR COMPILATION**

**Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

This edition has been extensively revised from new research

**a**

**Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

more instruction, examples, forms, references, case history

**b**

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼   N/A   **Account Number** ▼   N/A

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

John Gliha
PO Box 711  Lillian AL 36549

Area code and daytime telephone number ▶  850 492 4930   Fax number ▶ 775 845 2187
Email ▶

**b**

**7**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▶
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

John Gliha   Date▶ 9/26/03

**Handwritten signature (X)** ▼

X _ _ _ _ _ _ John Gliha _ _ _ _ _

**Certificate
will be
mailed in
window
envelope
to this
address:**

**Name** ▼   John Gliha

**Number/Street/Apt** ▼   PO. Box 711

**City/State/ZIP** ▼   Lillian AL 36549

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money
   order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to
change. For current
fees, check the
Copyright Office
website at
www.copyright.gov,
write the Copyright
Office, or call
(202) 707-3000.

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

Rev: June 2002—20,000   Web Rev: June 2002   ♲ Printed on recycled paper

U.S. Government Printing Office: 2000-461-113/20,021